# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| IGOR MALENKO,         )<br>                               )<br>        Plaintiff,       )<br>                               )<br>v.                              )   Docket no. 2:11-cv-250-GZS<br>                               )<br>LORI HANDRAHAN,      )<br>                               )<br>        Defendant.     ) | |

## PROCEDURAL ORDER

On April 25, 2012 at 2:00 P.M., the Court held a telephonic conference of counsel. The purpose of the conference was to discuss Defendant's oral request to appear at the May 11, 2012 hearing by way of videoconference. Attorney Michael Waxman appeared for Plaintiff. Attorney Ardith Keef appeared for Defendant. Following the conference, the Court ordered that Plaintiff's counsel submit a status report regarding the related state court hearing that was scheduled for April 26, 2012. On April 27, 2012, Plaintiff's counsel filed his status report, which the Court has now reviewed.

The Court hereby ORDERS the parties take the following actions in preparation for the May 11, 2012 hearing on subject matter jurisdiction:

(1) Upon receipt, Plaintiff shall file with this Court a copy of Judge Moskowitz's ruling. To the extent that said ruling contains any personal identifiers, counsel is reminded to properly redact the order prior to filing.

(2) The Court is satisfied that the ongoing nature of the state proceedings and the uncertainty as to the status of those proceedings on May 11, 2012 creates compelling circumstances that justify allowing the parties to plan for Defendant to appear in accordance with Federal Rule of Civil Procedure 43(a). In light of Plaintiff's withdrawal of any objection to Defendant appearing by videoconference, the Court will GRANT Defendant's request WITHOUT OBJECTION and ORDERS that Defendant make arrangements for appropriate safeguards in accordance with Federal Rule of Civil Procedure 43(a). Defendant is hereby notified that she is solely responsible for ensuring

that appropriate safeguards are in place and that all technical issues are resolved prior to the start of the hearing. Unresolved technical issues will not serve as a basis for continuing the hearing. Any failure to appear on time by way of contemporaneous video transmission will be deemed a waiver of Defendant's right to testify and appear at the May 11, 2012 hearing.

(3) Defendant is hereby notified that her appearance at this upcoming hearing via video transmission is allowed only because she will be represented in-person by her counsel, Attorney Potter. After the May 11, 2012 hearing, the Court may grant Attorney Potter's Motion to Withdraw. In the absence of Defendant securing other counsel, she would then assume pro se status. As a pro se litigant, Defendant would be required to appear in-person for future court hearings and trial. Failure to appear in-person under these circumstances would result in the entry of a default judgment in favor of Plaintiff.

(4) Defendant is also free to appear in-person at the May 11, 2012 hearing and any future hearings in this case. In light of the issues put on the record by counsel regarding prior state court proceedings, the Court reminds all parties that security is a serious matter within all federal courthouses. This judge, with the able assistance of the United States Marshals Service, requires all litigants and counsel to behave in a manner that is respectful of the Court and of the fundamental right of due process. Any litigant or member of the bar that fails to follow the Court's orders or otherwise creates a security concern within the courthouse is subject to removal as well as a finding of contempt of court.

SO ORDERED.

      /s/ George Z. Singal  
      United States District Judge

Dated this 27th day of April, 2012.